I would like to reserve three minutes for rebuttal. Good morning. I'm here on behalf of Mr. Andrew DeGroot and Theresa DeGroot. And this is coming from the Southern District of California and the motion for summary judgment that was ruled in favor of the government. And what I would like to point out to the court specifically is a case that we did not quote in our brief, but a case that was quoted and cited to in the government's brief. That case being the Young v. County of Los Angeles case. When we look at the Young v. County of Los Angeles case, we have a scenario in which an individual was pulled over for minor citations. In that case, it was lack of a license plate, lack of a mirror, was an African-American male who was a probation officer at that time. We know what occurred was that he was being cited. He exited the vehicle. At that point, he was ordered to return to the vehicle. And that's where the quote, unquote, let's call it the incident occurred between him and the officers. Now, in that case, summary judgment was granted by the court, particularly on all causes of action. And in particular, where it's analogous and applicable to this case, is the entry of summary judgment against the plaintiff in that case for his causes of action for negligence and his claim for excessive force. Now, we don't have excessive force here. Was there a claim for false arrest as well in that case? Yes, Your Honor, there was a claim for false arrest. So can I ask you a couple of questions about the false arrest? Yes, Your Honor. In this particular case, in determining probable cause for false arrest, for an arrest, what do you consider? What are the factors that you consider? Well, in that case where we did have the ‑‑ they did find probable cause for the arrest based on the violation of California Penal Code 148A. And in that case, we did have, based on the facts, and the court did affirm summary judgment on the false arrest. In this particular case, the district court judge found probable cause because she looked at the statute, 111, and she determined that resisting arrest or impeding an officer is covered by that particular statute. And so, therefore, because ‑‑ not addressing the arrest, but because, in fact, there was some evidence that Mr. DeGroote impeded the officer, probable cause was found. Is that right? Yes, Your Honor. And is that what the 111 requires? Your Honor, 111 does clearly state that ‑‑ Have you read Chapman? I have not read Chapman. Well, there's a 2008 opinion, which actually is written by our presiding judge here, which takes a look at 111 and says that there need be an arrest for 111 to be violated, or something equivalent to an arrest. And, in fact, the district court in this particular case did not find arrest. She relied on resisting, which is also covered by the statute. But according to Chapman, that is not enough to establish probable cause. Were you aware of that? Your Honor, I was not aware of that, but as I read the case in Young, probable cause was present. Did you cite Young in your brief? No. You can actually read Chapman, because Judge Sessions is correct. We held that you can't arrest someone under this code section unless there's an assault. Chapman was the case where the Border Patrol came up to someone, and he did nothing. He just stood his ground and, you know, tense, but did nothing. And he was arrested under Section 111, and we said there was no probable cause there because there was no assault. And the issue that I thought was in dispute here was whether just pulling back to resist the Border Patrol. There was a Border Patrol here, too. Yes, very aggressive Border Patrol down in San Diego. To resist them from taking his cell phone was that the issue of dispute, in fact, to me, is whether that mere resistance, which does not equal probable cause, or whether that was assault. So I think you have two separate grounds for possibly prevailing here, but I think that Chapman is your best case on the first one. I'm in full agreement with the courts. But you haven't read the case, and that bothers me a little. You should read the case. Counsel, I have a question, too. What I'd like to know is the district court found, and the government has argued, that the grand jury indictment alone establishes a rebuttable presumption of probable cause. And you don't seem to really address that in your brief, except you say, because your client posited a different version of the facts, that alone is enough to overcome the presumption under California law that the indictment establishes. What's your position as to what the evidence actually is in this record to overcome the rebuttable presumption of probable cause that the grand jury indictment establishes? Your Honor, I believe it's the contention that we have regarding the facts of the case. The fact is that Mr. DeGroote contends that he pulled away the phone, and that issue is what we believe should really go before the jury. Well, is it that actual fact, or is it the fact that he was acquitted on the charges of assault? And that is an added factor which may be used by a court to rebut the presumption. I believe that can be used to rebut the presumption, as well as the fact that the case is cited for supporting this assertion that the probable causes are supported by the indictments for both cases in which they were applying for search warrants. So can I ask you what happened to the phone? Your Honor, we know that the phone was returned, but no video was on it. So it was deleted, but it can't be deleted permanently, can it? Is it an iPhone? Your Honor, it was a smartphone, and we know that it came out in trial, that the video evidence was no longer on the phone. Is there anything, can you point to any page in the record before the district court that says what you just said? Is there any page in the excerpt of record where there is any evidence before the district court that video was erased or that the phone was returned to your client without video? I couldn't find it. That doesn't mean it's not there, but can you point to a page where that evidence is there? I cannot, Your Honor, but I believe that that's something we could point out at trial. But don't you have to point it out to the district judge on summary judgment? Aren't we limited to the record before the district court? Your Honor, I cannot answer that question at this point, and I know I'm here, but what I did really want to address at the court was the granting of summary judgment in this case was premature and that there's facts here that need to be put before a jury. But this is a very significant fact, right? You're making a representation that your client was videotaping this particular exchange. That videotape would be crucial evidence. I'm shocked, actually, that there wasn't a ruling from the court in the criminal matter as to whether or not there was a destruction of this evidence, an instruction for you based upon the destruction of the evidence. But you are certain that your client was videotaping this exchange, and then when the phone was returned, it was erased. Based on the representations of counsel on the trial matter? Of the prosecutors? On the representation of the defense counsel and the representations of my client, that he was taking a video and the video was not present on the phone. Did that come up in the criminal trial where he was acquitted? No, Your Honor. I mean, there's a spoliation. Oh, actually, yes, it was, Your Honor. So it's in the criminal record? Yes, Your Honor. Oh, that is in the criminal record? Yes, it is in the criminal record. Did he get a spoliation instruction that is an instruction to your benefit or to his benefit based upon the destruction of property? Or how did it come out? Your Honor, I know that it came out in the previous trial. I don't want to fall back on the excuse that I'm here to argue this case in the previous counsel's brief here. So you did not write this brief? This brief was submitted by previous counsel, and I just took over this case. Just took over the case. Yes. Okay. But, of course, if it did come out in the criminal trial, we could take judicial notice of that, as could the district court. Yes, Your Honor. No one ever asked the district court to do that, though, correct? No, Your Honor, not that I know of. But you could ask us to do it. I could ask you to do it, Your Honor. Could you do that, Your Honor? Well, we could do it. You could appoint us to it. I mean, you could definitely ask us to take judicial notice of properly judicially noticed material on appeal. It doesn't have to be in the district court record. No, Your Honor. And the one thing that I came here prepared was to try to preserve the claim for negligence, and that I believe that that's the – that's what really can be preserved here. Okay. Well, counsel, you're over your time. Thank you. Let's hear from the other side. Good morning, Your Honors. Michael Garabed for the United States. I think I'll start where you just were with opposing counsel, was that – was there a spoliation instruction? There was not. There was no finding by the district court that the government destroyed any video either in the criminal trial or in the civil case. The phone was returned, and it is my understanding, it's that it's technically impossible to tell whether a video existed and was deleted or whether a video never exists at all. But his deposition testimony says he was making an obscene gesture while he videotaped the Border Patrol's response. So if that's true, and we have to view the facts in the light most favorable to the non-moving party right now, so we have to assume that it's true, where is the video? Your Honor, I don't know. I can tell you that there's no judge has made a finding that the government destroyed any evidence. Was there anything in the record below before the district court suggesting that there was a video that had disappeared? Does that appear anywhere in the record before the court on summary judgment? On the summary judgment, I don't know. Let me back up now. I heard your discussion about Chapman. I think I'm going to leave that there. I think what I want to focus on is the indictment issue. There's separate independent grounds to affirm here. As Judge Bennett said, the indictment raises a prima facie presumption of probable cause. Do you have a California case on that, or a Ninth Circuit case on that? Well, Your Honor, I suggest that there's not any discussion of this at all in the appellant's brief. So there's a waiver issue, first of all. Did you argue waiver? Yes, Your Honor. Okay. Yes. But is there a California case, or a Ninth Circuit case, that says that the indictment is a prima facie, or the indictment gives rise to the presumption that there was probable cause that can be rebutted? I think the case we cited, the Ninth Circuit case we cited, was Hart v. Parks. It's on page 6 of your brief. Yes. What is it? Hart v. Parks, 4450 F. 3rd, 1059. And that case is building off a Supreme Court case called Kalina v. Fletcher. Is it your position that a plaintiff simply coming in and saying, my version of facts is different than the government's, is that sufficient to overcome the rebuttable presumption of probable cause established by the indictment? Your Honor, that can't be the standard. Because otherwise, the rebuttable presumption means nothing. A plaintiff could simply say. Well, how about they went to trial and he was acquitted? And how about the fact that the indictment was based on the officer's version of the testimony, and now we must look at the fact that the jury obviously discredited that he was acquitted. Mr. DeGroote. First, the standard for acquittal, much different from the standard for probable cause. We know from the Supreme Court that whether or not there's a conviction is irrelevant to the probable cause analysis. And we don't know exactly what the jury thought. I can tell you there's unfortunately no video from the Border Patrol's perspective capturing this either, because Mr. DeGroote was in a semi truck and the video was aimed at passenger cars. So in the absence of any video. How do you know the video is aimed at the passenger car? Because I've seen it, Your Honor. You've seen the video? The Border Patrol side video. So the Border Patrol takes video of folks who come through these as well. I was produced in the criminal trial. And the Border Patrol's video, unfortunately in this case, was aimed, I would say, at bench level. Let's say it that way. And the problem is Mr. DeGroote was in a semi truck, and so he is out of frame. And so there's no video capture of what exactly occurred. Other than the disappeared video. Yes, Your Honor. The one that Mr. DeGroote alleges. This is an interesting posture in the case. That is, summary judgment. So on the one hand, you have a grand jury indictment. Ordinarily that establishes probable cause, although it's rebuttable, right? But it establishes probable cause. It's very seldom used in this particular context. But then you add, number one, the fact that he was acquitted. I mean, obviously the charges were brought based upon the representation made by the agent. And he was acquitted. You can suggest that there's different standards, et cetera. But also you're at summary judgment. And in summary judgment, you are to consider the facts in the light most favorable to the defendant, or now the plaintiff, in this particular case. And does that not suggest you're supposed to look at even the rendering of an indictment as, in a sense, impacted by the standard of consider the evidence in the light most favorable to the plaintiff in this particular case? And then on top of that is this lost video, which would, if it was presented, be really significant evidence in regard to what happened. And that's gone. And the plaintiff has not had an opportunity to show to anyone in this civil context what impact that may have. Last point, Your Honor, on the phone. The phone was returned to the defendant. So the defendant has had the phone now for I don't know how many years. And so there certainly was an opportunity to examine the phone with an expert of some kind or something like that. On the plaintiff's side, the plaintiff bears the burden in this case, right? I understand where you're coming from about, well, the fact that he was found not guilty must have some bearing. Counsel, let me ask you on that. Are you familiar with the Ninth Circuit and California Court of Appeal cases saying that on the issue, the subsequent issue in a civil case of probable cause, an acquittal on the underlying criminal charges means little, if anything? On summary judgment? Wait, I'm just, you're asking about, I just want to know, are you asking about, is that the law on summary judgment? Yes. Okay. I believe that is correct, Your Honor. And we did cite some case law, and I'm not sure which case law you're referring to exactly, but we did cite some of that in the brief. Judge Esten, to go back to your question or your point, like I said, I understand where you're coming from when you're saying, well, the fact that he was found not guilty must have some kind of bearing. But if that is the... It's just a factor. That's all. I mean, just a factor. It doesn't have to be, I mean, you're supposed to look at all of these factors to find out whether there is an exception, or an exception to the presumption, right? That's one factor. I hear what you're saying, but, again, it just can't be the standard in my mind, because then every time you'd have a not guilty verdict, you'd have a civil suit, and the civil suit... It's just that you might not be able to prevail on summary judgment. So I guess one of the questions I had for you was, assuming that DeGroote's versions of the facts are true, which we are required to do on summary judgment, so how could DeGroote's action of pulling away his phone from the agent's hand constitute an assault, which it must under Chapman, in order for there to be probable cause, irregardless of whether an indictment issued or not? I am not familiar with Chapman. It was not cited by the appellant or the district court, fortunately, and I understand Your Honor's position on that. Well, it's Ninth Circuit controlling authority, so that's the position on that. Plus it's George Wardlaw who wrote it. Anyway. Yes, Your Honor. So my argument to you now is that there's separate independent grounds to affirm, and that's the indictment, the rebuttable presumption that, again, one of the things that the other side said. Okay, so my next question, if that's your answer, is then what evidence is required to be produced at summary judgment to rebut the presumption created by the issuance of an indictment? The case law talks about there's an exception, and it's sort of a fraud exception. So I would suggest something along the lines of the agents being deposed and admitting that they got together and tried to get their stories straight. So you have to get an admission that he lied to the grand jury. Or some documented evidence. Are you ever going to get behind the curtains of the grand jury to get documented evidence from the grand jury? No, not from the grand jury. You could depose all these folks in this case. But they're not going to admit he's already, the agents already, if the version of Mr. DeGroote is true, the agent has already gotten up before the grand jury and perjured himself. So you're not going to get an admission to that. Well, Your Honor, we don't know because no depositions were taken in this case. Again, summary judgment was granted here only after the close of the discovery. So they could have gone out and tried to talk to these folks. They could have asked for document requests, send us all your documents that relate to this arrest. But that sounds speculative that that would have revealed the evidence you're suggesting. What else besides the agent admitting to perjury would rebut the presumption of an indictment? I'm not necessarily suggesting perjury. Well, it would have, and that would necessarily imply. I mean, if he said, oh, no, his story's true, he was just pulling away, and so there was no probable cause to arrest him under Section 111. Over time, Your Honor, I think. I know. But I'm asking a question, so you get to answer it. Sure. So inconsistencies in the different agents' stories would be one example. Like I said, some e-mail or other written or text message communication between the agents, sort of trying to figure out what our story is. How about improper conduct by an agent? I mean, would that be a relevant factor? If there was some kind of investigation, absolutely. Tell me what justifies the Border Patrol agent, without getting into whether he reached in or not, what justified him to go up onto the truck and confront Mr. DeGroote, both verbally but also physically? What was the law enforcement purpose there? Just because he had a video or because he was making an obscene gesture? Does that justify police, you know, jumping onto the vehicle and confronting the defendant? And if you view the evidence in the light most favorable to the defendant or now the plaintiff, reaching in and grabbing the phone, is there a legitimate law enforcement purpose in that behavior? If that was just the facts, I would say probably not, but there was more here. Plaintiff had been waved through three times and was refusing to move the truck. That's what the problem was here, and that's why this whole thing started. It's the plaintiff was blocking the truck, blocking the intersection, according, refusing to move. He was being waved through. He says he was confused by the hand signals, and so the agent went up to talk to him and tell him to move. And that's what happened when this incident occurred. All right. Thank you, Counsel. Thank you, Your Honors. I'll give you a minute of rebuttal if you need it. Your Honor, I'll arrest you. All right. Thank you, Counsel. DeGroote v. United States is submitted.
judges: Wardlaw, Sessions, Bennett